**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| COREY KUPERSMITH, | : | CASE NO.:  12-52303 (JAM) |
| DEBTOR. | : | JANUARY 18, 2019 |

**SECOND INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL TO TRUSTEE**

Law Offices of Jeffrey Hellman, LLC (the "Applicant") seeking interim compensation and reimbursement of expenses incurred as counsel to Ronald I. Chorches, Chapter 7 Trustee for the Estate of Corey Kupersmith (the "Trustee"), pursuant to 11 U.S.C. §331, respectfully represents:

The Applicant is a professional limited liability company, consisting of one (1) attorney, which specializes in the field of commercial litigation and bankruptcy, and has been in existence for over six (6) years.  The sole member of this firm serves on the executive committee of the Federal Practice Section of the Connecticut Bar Association, and has spoken at seminars and national organizations on the topics of bankruptcy law.  The services in this case were performed primarily by Jeffrey Hellman, principal in the office who has thirty-two (32) years of experience and twenty-nine (29) years of bankruptcy experience.

The Trustee filed an application to retain the Applicant on August 13, 2015 (Dkt. 391), and the Court approved it on September 18, 2015 (Dkt. 407).  No agreement or understanding exists between the Applicant and any other person for the sharing of

compensation received or to be received for services rendered in or related to this matter. The Applicant will not, in any form, share or agree to share, compensation for services with any person or entity, nor will the Applicant share in the compensation of any other person or entity rendering services in this case, except as so provided by Bankruptcy Rule 2016.

## I. INTRODUCTION

1. From July 15, 2015 through January 10, 2019, Applicant represented the Trustee in investigating fraudulent transfers and seeking recovery of those fraudulent transfers.

2. On May 2, 2018, the Trustee filed an Interim Report (Dkt. 683) which included Applicant's Interim Application for Allowance of Compensation and Reimbursement of Expenses by Counsel to Trustee (Dkt. 683-3) (the "Interim Application").

3. The Interim Application was made for the period from July 15, 2015 through January 15, 2018 (the "Interim Application Period") during which time Applicant represented the Trustee in his efforts, through multiple adversary proceedings, to recover unauthorized post-petition transfers.

4. On August 31, 2018, this Court entered an Order (Dkt. 718) that the Trustee shall make distribution of funds in accordance with the Interim Report.

5. This Second Interim Application for Allowance of Compensation and Reimbursement of Expenses by Counsel to Trustee (the "Second Interim Application") is made for the period from January 16, 2018 through January 10, 2019 (the "Second Interim Application Period").

6. In accordance with this Court's Order approving the Application to Employ Counsel (Dkt. 407) entered by this Court on September 18, 2015, this Second Interim Application seeks compensation based on one-third of the recovery, plus reimbursement of costs and expenses.

7. Appended hereto as Exhibit A are the daily time records for the Applicant's services performed during the Second Interim Application Period. These daily time entries were maintained in six-minute intervals and were recorded contemporaneously by the attorney employed by the Applicant.

8. As required by the Official Guidelines of the Office of the United States Trustee, below is a summary of the time expended during the Second Interim Application Period involving the litigation and settlement of matters concerning the recovery of money for the Estate.

## II. SUMMARIES

9. Concerning Bankruptcy Case No.: 12-52303, during the Second Interim Application Period, the Applicant provided administrative legal services to the Trustee by: reviewing pleadings and discovery materials; preparing for and attending depositions; drafting, revising and filing motions and objections; preparing for and attending court hearings; performing legal research about receivership, abandonment and sanctions; communicating by telephone and email with various individuals such as, but not limited to the client, U.S. Trustee, and opposing counsel. As appears from Exhibit A, the Applicant has expended a total of 51.9 hours during the Second Interim Application Period on providing administrative legal service.

10. On May 20, 2016, the Trustee commenced in this Court Adversary Proceeding No. 16-05033 ("Adv. Pro. 16-05033") against Cheytac USA, LLC; David MacCutcheon; Dennis and Elaine Omanoff as Trustees of the Omanoff Family Trust; John Taylor; Mark Stern; CT Realty Management, LLC; Praecisa Tenuras, LLC; and Joseph Warren. Adv. Pro. 16-05033 sought to avoid and recover an unauthorized post-petition transfer of the Debtor's property made to or for the benefit of the defendants. Prior to the Second Interim Application Period, on December 14, 2017, Applicant filed a motion for approval of the settlement agreement (Dkt. 94) with defendant, Mark Stern which had been reached at a mediation on March 17, 2019 before the Honorable Beverly Hodgson. During the Second Interim Application Period, on February 16, 2018, Applicant filed an amended motion for approval of settlement agreement (Dkt. 106). On August 15, 2018, this Court entered an order (Dkt. 125) approving the amended motion for approval of the settlement agreement. On October 17, 2018, a Corrected Order Granting the Amended Motion for Authority to Enter into Amended Settlement Agreement with the Estate of Mark Stern (Dkt. 150) (the "Corrected Order") was entered in Adv. Pro. 16-05033 which is anticipated to result in $75,000.00 recovery for the benefit of the Estate. However, the Corrected Order is currently the subject of a pending appeal, Case No.: 3:17-cv-00462-SRU entitled <u>Corey Kupersmith v. Ronald I. Chorches, Trustee and Mark Stern</u> which was filed by the Debtor in U.S. District Court for the District of Connecticut. As appears from <u>Exhibit A</u>, Applicant has expended 14.6 hours during the Second Interim Application Period on services involving litigation and settlement concerning Adv. Pro. 16-05033. Any fee Applicant may receive concerning the settlement with Mark Stern will be included in

the final fee application.

11.    On June 26, 2017, the Trustee commenced in Adversary Proceeding No. 17-05014 ("Adv. Pro. 17-05014") in this Court against Corey Kupersmith; RBC Capital Markets, LLC; Brentwood Associates, L.P.; and Muirfield Capital Partners, L.P. seeking to avoid, turnover and recover an unauthorized post-petition transfer of the Debtor's property made to or for the benefit of the defendants.  In regards to Adv. Pro. 17-05014, during the Second Interim Application Period, the Applicant finalized a Settlement Agreement with the defendant, Muirfield Capital Partners, L.P. which resulted in a settlement in favor of the Estate in the amount of $2,500.  Also, the Applicant negotiated, drafted and finalized a Settlement Agreement with the defendant, RBC Capital Markets, LLC which has resulted in a settlement in favor of the Estate in the amount of $115,000.00.  As appears from Exhibit A, the Applicant has expended a total of 35.9 hours during the Second Interim Application Period on services involving litigation, negotiation and settlement concerning Adv. Pro. 17-05014.

12.    On October 13, 2017, the Trustee commenced Adversary Proceeding No. (the "Adv. Pro. 17-05030") in this Court against Corey Kupersmith and JPMorgan Chase Bank, N.A. ("JPMorgan") seeking to avoid, turnover and recover an unauthorized post-petition transfers of the Debtor's property made to or for the benefit of the defendants.  In regards to Adv. Pro. 17-05030, during the Second Interim Application Period, the Applicant finalized a Settlement Agreement with the defendant, JPMorgan Chase Bank, N.A. resulting in a settlement in favor of the Estate in the amount of $2,000.  Also, the Applicant negotiated and finalized a Settlement Agreement with Ellery Plotkin on behalf

of the Debtor Corey Kupersmith resulting in a settlement in favor of the Estate in the amount of $7,500.00.  As appears from Exhibit A, the Applicant has expended 7.7 hours on services involving litigating and ultimately negotiating settlements during the Second Interim Application Period in Adv. Pro. 17-05030.

### III. APPLICATION REQUEST

13.    This Second Interim Application seeks compensation for services from January 16, 2018 through January 10, 2019.  The Applicant has maintained contemporaneous time records which indicate the name of the attorney working on the matter, the time spent working on a particular issue, and the nature of the work performed.  As appears from Exhibit A, the Applicant has expended a total of 110.1 hours during the Second Interim Application Period in the performance of the Applicants duties as counsel to the Trustee.  Specifically, the Applicant litigated and ultimately reached settlements in Adversary Proceeding Nos. 16-05033, 17-05014 and 17-05030 resulting in recovery of $127,000.00 for the Estate during the Second Interim Application Period.

14.    In accordance with the Court's Order Approving Applicant's retention (Dkt. 407), the Applicant is entitled to one-third of the amount recovered, together with reimbursement of reasonable out-of-pocket costs and expenses.

15.    As appears from Exhibit A, the Applicant advanced subpoena and deposition fees.  Accordingly, Applicant requests reimbursement of $1,397.27 for these necessary expenses made during the Second Interim Application Period.

16.    The Applicant submits that all time spent during the Second Interim Application Period was necessary and in the best interest of the Estate.  The Applicant

submits that its fees incurred during the Second Interim Application Period are reasonable. The Applicant has shared this Second Interim Application for Allowance of Compensation and Reimbursement of Expenses with the Trustee, who has in turn approved of its submission to the Court.

**WHEREFORE**, it is respectfully requested that the Court authorize and allow the Applicant an interim award of compensation for services rendered to the Trustee during the Second Interim Application Period in the sum of $42,333.33 in fees, to be paid as one-third of the payments received by the Trustee pursuant to the Settlements, together with reimbursement of costs or expenses in the sum of $1,397.27 for total compensation of $43,730.60 upon the Court's approval of this Second Interim Application and grant the Applicant such further relief as the Court deems just and proper.

Respectfully submitted on January 18, 2019.

        **THE APPLICANT,**
        **LAW OFFICES OF JEFFREY HELLMAN, LLC**

By:    /s/ *Jeffrey Hellman*
       Jeffrey Hellman (ct04102)
       Law Offices of Jeffrey Hellman, LLC
       195 Church Street, 10th Floor
       New Haven, CT 06510
       Tel.: 203-691-8762
       jeff@jeffhellmanlaw.com
       Its attorney